UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GODOY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>        Defendants. | Case No.  15-cv-00883-WHO<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 21, 22 |

Plaintiffs Jose Luis Godoy and three minor children identified by their initials L.M., K.A. and J.C., have filed a civil rights suit against defendants County of Sonoma, City of Santa Rosa and Does 1 through 20.[1]  Dkt. No. 1.  Plaintiffs allege causes of action for (i) unreasonable seizure against Does 1 through 20; (ii) municipal liability for unconstitutional practices against all defendants; (iii) battery against all defendants; and (iv) negligence against all defendants; and (v) interference with exercise of civil rights against Does 1 through 20.  Defendants County of Sonoma and City of Santa Rosa have moved to dismiss.  Dkt. Nos. 21, 22.  Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and I VACATE the hearing set for May 27, 2015.

Plaintiffs' complaint is DISMISSED WITH LEAVE TO AMEND.  The complaint is a jumbled recitation of elements, devoid of factual allegations in support of the claims.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citing *Bell Atl. Corp.*

---

[1] The minor children are pursuing this action through their guardians *ad litem*.

*v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, many of the allegations appear to be copied from an unrelated complaint. For example, there are references to "Defendants Oh and Shin" and "defendant City of Los Angeles", none of which are named as defendants elsewhere in the complaint. Compl. ¶ 37. In addition, paragraph 26 states that defendants' alleged misconduct is "summarized *above* in paragraph 37." *Id*. ¶ 26 (emphasis added). But paragraph 37 does not contain any factual allegations.

Only paragraph 21 of the complaint contains what appear to be factual allegations related to the claims. It states:

> On January 9, 2014, at or near 253 Robin Way, Santa Rosa, California. Plaintiffs were all following the law, exercising their first amendment rights, and not a threat to anyone when agents or employees for the defendants County of Sonoma and City of Santa Rosa detained these Plaintiffs. Employees or agents for these Defendants, and each of them, then seized, searched and detained claimant through physical force and handcuffing. These Plaintiffs were also required to undergo questioning, photographing and documenting. Said agents' or employees' decision to seize, detain, and document was unlawful, constituted false imprisonment, assault, battery and negligent.

Compl. ¶ 21. The claims against Sonoma County and Santa Rosa, however, include allegations of "dangerous use of firearms" and a reference to a "decedent." Compl. ¶¶ 26-27. The "factual" allegations in paragraph 21 say nothing about use of firearms or any decedent. It is clear that plaintiffs' allegations, as currently drafted, have little if any bearing on the claims they are pursuing.[2]

Apparently recognizing the deficiency of their complaint, plaintiffs include "statements of fact" in their oppositions to defendants' motions to dismiss. *See* Dkt. Nos. 23 at 2-4, 24 at 2-4. These "statements" include allegations nowhere to be seen in the complaint. I cannot consider them. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original). Plaintiffs may include those allegations in an

---

[2] It also appears that plaintiffs' counsel did not bother to review its own complaint before filing it with the Court, resulting in a waste of the Court's and the parties' resources.

amended complaint.

It is the plaintiffs' obligation to plausibly allege sufficient facts to support their causes of action. Conclusory allegations are insufficient. In this regard, plaintiffs appear to accuse both the Santa Rosa Police Department and the Sonoma County Sheriff's Department of misconduct arising from the same incidents. If this is not what plaintiffs intend, they should clarify this as well. *See* Fed. R. Civ. P. 11(b)(3) ("[b]y presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

## CONCLUSION

Defendants' motions to dismiss are GRANTED. Dkt. Nos. 21, 22. Plaintiffs' complaint is DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed within 20 days of this order.

**IT IS SO ORDERED**.

Dated: May 13, 2015

WILLIAM H. ORRICK
United States District Judge