UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GODOY, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>  Defendants. | Case No. 15-cv-00883-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 32 |

## INTRODUCTION

Following their participation in protests over the killing of a friend, plaintiffs assert that they were unlawfully detained, seized and mistreated by defendants, who were members of the Santa Rosa Police Department, the Sonoma County Sheriffs' Office, and the California Highway Patrol. The Santa Rosa defendants move to dismiss, arguing that plaintiffs allege that Sonoma County sheriff's deputies, but not Santa Rosa police officers, participated in the conduct at issue. The Santa Rosa defendants' motion is GRANTED because plaintiffs have not adequately pleaded that Santa Rosa police officers were involved. However, plaintiffs are entitled to discovery to determine what role, if any, Santa Rosa police officers played in the alleged conduct. Plaintiffs' complaint is therefore DISMISSED WITH LEAVE TO AMEND.

## BACKGROUND

Plaintiffs Jose Luis Godoy and minor children, L.M., K.A., and J.C. participated in protests of the killing of their friend, Andy Lopez. First Amended Complaint ("FAC") ¶ 32 [Dkt. No. 31]. On January 9, 2014, they drove to L.M.'s home in Godoy's car after obtaining supplies to make posters for the protests. *Id.* ¶ 33. After exiting Godoy's car, the plaintiffs were confronted by law

enforcement officers "believed to be deputies of the Sonoma County Sheriff's Office." *Id.* ¶ 34. The officers had their guns drawn and commanded the plaintiffs to "Put your f---ing hands up, now!" and shined floodlights on them. *Id*. The officers then commanded the plaintiffs to drop or "get on the f---ing ground" and "get your asses on the ground." *Id*. The plaintiffs obeyed these commands. *Id.* Plaintiffs allege that Sonoma County sheriff's deputy Fong and CHP officer Ball conducted this initial stop jointly as part of a joint taskforce called MAGNET. *Id.* ¶ 35. Additional law enforcement officers from the Sonoma County Sheriff's Office and the Santa Rosa Police Department subsequently arrived and handcuffed and searched the plaintiffs at gunpoint. *Id.* ¶ 36. The minor female plaintiffs were frisked by male law enforcement officers. *Id*. No weapons or contraband were recovered and no charges were filed against any of the plaintiffs. *Id*.

L.M. was handcuffed while she was lying down by "pulling her hand back and away from her head, instead of down and towards her back," causing immediate pain in her neck, arm, shoulder and back. *Id.* ¶ 38. She felt additional pain "radiating from her neck to her shoulder and down her back" after following instructions by "deputies" about how to get up from the ground while handcuffed. *Id*. L.M. was then forced to stand, while handcuffed, for the majority of the three-hour detention. *Id*. ¶ 39. A "law enforcement officer" tightened her handcuffs after she complained that they were too tight. *Id.* L.M. was interrogated by "several different law enforcement officers," photographed, and told that she was now registered as a gang member and was on "gang terms.'" *Id.* ¶ 40. She is not a gang member. *Id*. L.M. was known to at least one of the Sonoma County sheriff's deputies, including defendant Fong, based on prior interactions related to the protests. *Id.* ¶ 37.

Plaintiff K.A. received similar treatment. She was injured "from the manner in which she was handcuffed and forced to get up off of the street," and now has pain in her back and has difficulty and discomfort when running. *Id.* ¶ 42. She was left in the backseat of a police car for the three-hour detention. *Id.* ¶¶ 41-42. A "law enforcement officer" turned on the car's air-conditioning after K.A. complained of being cold. *Id.*

Plaintiff J.C., who is male, "received similar treatment" as K.A. and L.M.[1]  *Id.* ¶ 43.

Plaintiff Godoy "received the worst treatment." *Id.* ¶ 44. He was "verbally berated by officers" and, as he was lying on the ground, "an officer" put a knee in his back and asked him "if he thought he was tough now." *Id.* As he lamented in pain, "an officer" asked him why he was crying. *Id.* At one point, Godoy was choked while "the other minor plaintiffs pleaded with the law enforcement officers to stop choking him." *Id.* After being escorted to a police car, Godoy was pushed into the car and "hit his head and also experienced pain in his back and arms." *Id.* Godoy requested medical assistance because he suffers from hypothyroidism and recently had surgery. *Id.* The officers waited at least an hour before calling for medical assistance. *Id.* Godoy was known to some of the Sonoma County sheriff's deputies, including defendant Lupton, based on prior interactions related to the protests. *Id.* ¶ 45.

Plaintiffs allege that their treatment by the law enforcement officers was "in retaliation for their role in choosing to exercise their constitutional rights to protest Andy Lopez's killing, which included criticisms of the SCSO [Sonoma County Sheriff's Office] and SRPD [Santa Rosa Police Department]." *Id.* ¶ 46. They allege causes of action for (i) unreasonable search and seizure; (ii) supervisory responsibility; (iii) municipal liability for unconstitutional customs and practices; (iv) battery; (v) negligence; and (vi) interference with exercise of civil rights, against City of Santa Rosa, Santa Rosa police officers Garrison W. Schwartz, Ryan Corcoran, Mathew Meloche, Michael Lazzarini, James Harris, Nicolas Gillotte, and Daniel Jones (collectively, the "Santa Rosa defendants"), County of Sonoma, Sonoma County sheriffs' deputies Dylan Fong, Dave Pederson, Mathew Lupton, and California Highway Patrol Officer Ball.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

---

[1] There are no specific allegations regarding J.C.; plaintiffs merely allege that he is male and "received similar treatment" as K.A. and L.M. *Id.* ¶ 43.

3

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## DISCUSSION

The Santa Rosa defendants move to dismiss the causes of action for unreasonable search and seizure, supervisory responsibility, municipal liability, and interference with exercise of civil rights (first, second, third, and sixth causes of action)[2] or, in the alternative, for a more definite statement.  They argue that Santa Rosa police officers "did little more than assist with crowd control," and are only implicated only through artfully vague, overbroad, and generalized allegations against generic "law enforcement officers."  I address each cause of action in turn.  Since I grant the motion to dismiss, I do not address the motion for a more definite statement.

---

[2] The Santa Rosa defendants do not seek to dismiss the fourth cause of action (battery) or the fifth cause of action (negligence), stating that "[t]hese allegations are patently untrue . . . . however, for purposes of this motion must be taken as true."  Dkt. No. 32 at 5 n.2.

**I.     UNREASONABLE SEARCH AND SEIZURE (FIRST CAUSE OF ACTION)**

Plaintiffs allege that their detention violated their Fourth Amendment right to be free from unreasonable searches and seizures.[3] They seek to hold individual officers from the Santa Rosa Police Department, Sonoma County Sheriffs' Office, and California Highway Patrol liable under 42 U.S.C. section 1983, which "provides for liability against any person acting under color of law who deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (internal quotations and citations omitted).

A plaintiff in a section 1983 claim must establish: "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988) (citations omitted). The "first step in any [section 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted).

As drafted, the FAC fails to state a section 1983 claim against the Santa Rosa defendants because it does not allege conduct by any Santa Rosa police officer. However, plaintiffs have reason to believe that Santa Rosa police officers were present and lack information to know which officers, if any, caused the injuries they allege. Accordingly, plaintiffs will be afforded the opportunity to take discovery to determine the role, if any, Santa Rosa police officers played in this matter. *See, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (reversing dismissal of section 1983 action against unnamed prison officer and explaining that "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is

---

[3] The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable searches and seizures." U.S. CONST. amend. IV. A search violates the Fourth Amendment if it is "arbitrary, retaliatory, or clearly exceeds the legitimate purpose of detention." *See Hydrick v. Hunter*, 500 F.3d 978, 993 (9th Cir. 2007), *vacated on other grounds*, 556 U.S. 1256 (2009). A person is "seized" if the officer "by means of physical force or show of authority, terminates or restrains his freedom of movement, through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (internal citations and quotations omitted).

1  clear that discovery would not uncover the identities, or that the complaint would be dismissed on
2  other grounds") (citations omitted).  Plaintiffs' unreasonable search and seizure claim (first cause
3  of action) is DISMISSED WITH LEAVE TO AMEND.

## II. SUPERVISORY RESPONSIBILITY (SECOND CAUSE OF ACTION)

Plaintiffs bring supervisory responsibility claims against Santa Rosa police officers Lazzarini and Corcoran and Sonoma County sheriff's deputy Pederson.  Plaintiffs allege that these defendants "were aware of ongoing abuse by deputies and civilian personnel working for the Defendant County and City, including conduct such as is alleged here" and that "[d]espite this knowledge, these Defendants failed to take action to stop such misconduct and allowed it to run rampant so as to allow the deputies to operate in their jurisdiction through fear, intimidation, and abuse."  FAC ¶ 52.  According to plaintiffs, these defendants "acquiesced in the abuse of Plaintiffs as is alleged here."  *Id.*

A supervisor may be held liable "in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (internal citations and quotations omitted).

Plaintiffs' supervisory responsibility claim against the Santa Rosa defendants fails for the same reason as the search and seizure claim: plaintiffs do not allege conduct by any Santa Rosa police officer.  In addition, plaintiffs have not alleged that Santa Rosa police officers Lazzarini and Corcoran did anything *as supervisors.*  To state a claim for supervisory responsibility, plaintiffs must allege that the defendants were involved as supervisors, rather than only as participants.  *See, e.g.*, *Mirzai v. Cnty. of Santa Barbara*, 2012 WL 6590691, at *9 (C.D. Cal. Dec. 17, 2012) ("Without intelligible factual allegations in his complaint as to how these defendants participated *as supervisors* in causing a deprivation of plaintiff's constitutional rights, the Court finds that plaintiff fails to state a claim against these defendants premised upon a theory of supervisory liability.") (emphasis in original).  Plaintiffs' supervisory responsibility claim (second cause of action) is DISMISSED WITH LEAVE TO AMEND.

### III. MUNICIPAL LIABILITY (THIRD CAUSE OF ACTION)

Plaintiffs allege a so-called *Monell* claim against the City of Santa Rosa under section 1983 for acting with deliberate indifference to plaintiffs' exercise of their First Amendment rights. FAC ¶¶ 55, 58-59. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). However, municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. This is known as a *Monell* claim. For a municipality to be liable, the plaintiff must establish "(1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005) (internal citations and quotations omitted).

In addition to the deficiencies identified above, the *Monell* claim fails because plaintiffs have not sufficiently alleged that the City of Santa Rosa had a policy amounting to deliberate indifference to plaintiffs' constitutional rights. Plaintiffs allege, without elaboration or reference to specific incidents, that the City of Santa Rosa has a custom of arresting innocent members of the community; using excessive force; employing officers known to have propensities for mistreating citizens; and failing to punish officers for misconduct. FAC ¶ 46(a)-(f). These conclusory and generic allegations are insufficient to plead municipal liability under *Monell*. *See e.g.*, *Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker"); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (allegations "that Defendants 'maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs' that [plaintiff] elsewhere alleged" were insufficient where plaintiff "did not put forth additional

facts regarding the specific nature of this alleged 'policy, custom, or practice'"). Plaintiffs' claim for municipal liability against the City of Santa Rosa (third cause of action) is DISMISSED WITH LEAVE TO AMEND.

## IV.     INTERFERENCE WITH CIVIL RIGHTS (SIXTH CAUSE OF ACTION)

Plaintiffs allege that defendants violated California Civil Code section 52.1, also known as the Bane Act, by interfering with plaintiffs' "right to freedom of speech and association." FAC ¶ 73. The Bane Act prohibits interference or attempted interference "by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation, or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007). "To prevail on a Bane Act claim, thus, Plaintiffs must make two showings: (1) Defendants interfered with Plaintiffs' constitutional or statutory rights; and (2) that interference was accompanied by actual or attempted threats, intimidation, or coercion." *Campbell v. Feld Entm't, Inc.*, 75 F. Supp. 3d 1193 (N.D. Cal. 2014) (citation omitted).

As with the prior claims, the Bane Act claim fails because plaintiffs have not alleged conduct by any Santa Rosa police officer. Plaintiffs' section 52.1 claim (sixth cause of action) against the Santa Rosa defendants is DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

The Santa Rosa defendants' motion to dismiss is GRANTED. Dkt. No. 32. Plaintiffs' claims for unreasonable search and seizure (first cause of action), supervisory responsibility (second cause of action), municipal liability (third cause of action), and interference with exercise of civil rights (sixth cause of action) against the Santa Rosa defendants are DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed within 90 days of this order. During that time, the parties should proceed with discovery to enable plaintiffs to determine what

1  role, if any, the Santa Rosa defendants played in the alleged conduct.

2  **IT IS SO ORDERED**.

3  Dated: August 14, 2015



WILLIAM H. ORRICK
United States District Judge