UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GODOY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 15-cv-00883-WHO<br><br>**ORDER GRANTING MOTION FOR REVIEW OF TAXATION OF COSTS**<br><br>Re: Dkt. No. 118 |

## INTRODUCTION

Plaintiffs Jose Luis Godoy, L.M., a minor, by and through her guardian ad litem, Maria Baraias, K.A., a minor, by and through her guardian ad litem, Ana Alvarado, and J.C., a minor, by and through his guardian ad litem, Deanna Boyd, brought claims alleging that they were unlawfully detained and subjected to excessive force in retaliation for protesting the death of their friend Andy Lopez, who was killed by Sonoma County Officers. On July 22, 2016, I granted defendants County of Sonoma and Officers Dylan Fong, Dave Pedersen, and Matthew Lupton's motion for summary judgment on these claims. Dkt. No. 108. The undisputed facts established that defendants detained plaintiffs as a result of a 911 call unrelated to the protests and did not use unreasonable force during the incident. *Id.*

Judgment was entered against plaintiffs and in favor of the defendants on July 27, 2016, Dkt. No. 112, and costs were taxed against plaintiffs in an amount totaling $3,502.90. Dkt. No. 117. While this is not a large sum in comparison with costs taxed in most cases, I will exercise my discretion and decline to tax costs in light of the particular facts in this case, including that all but one of the plaintiffs are minors, all are indigent, and an award of costs would both chill similar actions in the future and be an unnecessary debt hanging over their heads while they use whatever means they have to support themselves and their families. Accordingly, I GRANT plaintiffs'

motion to review taxation of costs and decline to tax costs against the plaintiffs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule "creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178. F.3d 1069, 1079 (9th Cir. 1999). If the court exercises its discretion and chooses to deny costs it must "specify reasons for its refusal to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).

A court has discretion to deny costs in certain circumstances, for example where: (1) the plaintiff has limited financial resources; (2) there is a great economic disparity between the parties; (3) the case involves issues of substantial public importance; or (4) the taxation of costs would chill civil rights litigation. *Ass'n of Mexican-American Educators*, 231 F.3d at 593; *See also Stanley*, 178 F.3d at 1079 ("District courts should consider the financial resources of the plantiff[s] and the amount of costs in civil rights cases."). These factors weigh in plaintiffs' favor and I exercise my discretion to deny costs.

## DISCUSSION

### A. Indigency

Plaintiffs ask this court to review and deny the taxing of costs against them due to their indigency. Mot. at 1. Plaintiffs are Jose Luis Godoy and three high school students, K.A., J.C., and Lisbet Mendoza. Godoy, Lisbet Mendoza, and K.A. and her mother, Ana Alvarado, have submitted declarations explaining that they do not have significant financial resources and incurring the costs of this lawsuit would place a substantial financial burden on them. Alvarado Decl. (Dkt. No. 118-1); Godoy Decl. (Dkt. No. 118-2); K.A. Decl. (Dkt. No. 118-3); Mendoza Decl. (Dkt. No. 118-4). Plaintiff J.C. and his guardian ad litem, Deanna Boyd have not submitted any declarations explaining their financial situation. However, Godoy explains in his declaration that he and his girlfriend are currently taking care of J.C., who is currently in high school and unemployed, because J.C.'s natural mother is facing a criminal prosecution. Godoy Decl. ¶ 3.

1  Godoy is currently employed as a caregiver for his mother, works approximately 27 hours
2  a week and makes around $1400 per month and "clears" $1060. *Id.* ¶ 4. His girlfriend makes
3  around $800 per month. *Id.* Each month they spend $1,000 on rent, $100 on utilities, $500 on
4  their car, $269 for car insurance, and $500-600 in food. *Id.* Their total living expenses per month
5  are approximately $2369-2469. *Id.* Godoy is currently supporting his three children and plaintiff
6  J.C. *Id.* ¶ 3. He explains that J.C. is a high school student and does not have any income. *Id.* ¶ 7.
7  Prior to getting into subsidized housing, Godoy and his family were homeless for three months
8  and then lived in a shelter for six months. *Id.* ¶ 5. Based on the figures he has provided, he has no
9  extra funds; his expenses exceed his resources by $169-$609 each month.

10  Alvarado is a single mother of four children and works full time cleaning houses.
11  Alvarado Decl. ¶ 1. She receives $2,600 in monthly income and child support payments for two
12  of her children. *Id.* ¶ 3. Each month she pays $1,500 in rent, $800 for utilities and food, and
13  $150-200 for gas. *Id.* Based on these figures, she has $50-$150 left over each month. However,
14  she explains that with incidental expenses she rarely has any money left over. *Id.* Plaintiff K.A. is
15  Alvarado's daughter. *Id.* ¶ 4. K.A. is a high school student and does not have any income and
16  relies on her mother for economic support. K.A. Decl. ¶¶ 2-3.

17  Mendoza is 18 years old but is a high school student and does not have a job or any
18  income. Mendoza Decl. ¶¶ 1-3. She relies on her parents for economic support and states that her
19  parents "do not make a lot of money and they have to take care of my siblings too." *Id.* ¶ 4.

20  Defendants dispute that these declarations adequately establish the plaintiffs' indigency
21  and specifically note that J.C. did not submit a declaration explaining his financial situation, that
22  Mendoza, who is 18, did not explain why she is not working, and that none of the plaintiffs
23  explained whether they have assets beyond their income. This argument is not persuasive as
24  plaintiffs have submitted sufficient evidence to establish their limited financial resources.
25  Plaintiffs declarations establish that J.C. is an unemployed minor in high school, that Mendoza,
26  despite being 18, is unemployed because she is still in high school, that Godoy was recently
27  homeless and is now living in subsidized housing, that J.C. is living with Godoy because his
28  mother is facing a criminal prosecution, and that Mendoza and K.A. rely on their parents, who

3

themselves have very limited resources, for their economic needs. There is no reason to believe that these plaintiffs, three high school students and a young adult who was recently homeless, have any other assets to cover the costs in this case. The Ninth Circuit has advised that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley*, 178 F.3d at 1079. Plaintiffs have established that they have virtually no financial resources and that a cost award of $3,502.90 would render them indigent to the extent that they are not already indigent. Plaintiffs' financial situation supports denying the award of costs.

In contrast, the County of Sonoma and Officers Dylan Fong, Dave Pedersen, and Matthew Lupton, as public entities and employees, have significantly more resources. *See, e.g., Hunter v. City and County of San Francisco*, No. 11-cv-4911-JSC, 2013 WL 6088409 at *3 (N.D. Cal. Nov. 19, 2013) ("there exists a significant economic disparity between Plaintiff and the City and County of San Francisco, the entity seeking to recover costs in this action"). This factor also weighs in favor of denying costs.

**B. The Case Involves Important Issues and Would Chill Future Civil Rights Actions**

Plaintiffs filed this civil rights suit believing they were unlawfully detained and subjected to excessive force in retaliation for protesting the death of their friend Andy Lopez, who was killed by Sonoma County Officers. At the time this case was filed, three of the plaintiffs were minors and high school students and all of the plaintiffs were heavily involved in protests related to Lopez's death. Although the facts ultimately showed that the police arrested plaintiffs because they were responding to a 911 call regarding suspicious activity, and not in retaliation for their protesting activities, plaintiffs' case still raised important issues about police conduct, excessive force, and potential retaliatory activity against police protestors. "[A] case is considered to be of great importance when the claims involved are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation." *Ayala*, 2011 WL 6217298 at *3. This case raised important issues regarding the potential use of excessive force and retaliatory arrests against civil rights protestors by the Sonoma County Sheriffs' department.

In this particular case, in light of the age and indigency of the plaintiffs, and its genesis in

the protests following the death of Andy Lopez, an award of $3,502.90 in costs would have a chilling effect on future civil rights litigation. Plaintiffs were primarily minors, with limited resources, who believed they were retaliated against by the Sonoma County Sheriffs' department for protesting the death of their friend. Taxing costs "on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." *Stanley*, 178 F.3d at 1080. It would in this case.

## CONCLUSION

Plaintiffs are indigent and taxing costs totaling $3,502.90 against them would place a substantial financial burden on them and chill future civil rights litigation of this kind. I therefore exercise my discretion and GRANT plaintiffs' Motion for Review of Taxation of Costs and decline to award costs in this case.

**IT IS SO ORDERED**.

Dated: November 10, 2016



WILLIAM H. ORRICK
United States District Judge